IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TONY ARAMBULA,

    Plaintiff,

v.                                    Civil Action No. 3:10CV121

M. CLARK,

    Defendant.

## MEMORANDUM OPINION

Tony Arambula, a former Virginia inmate proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983. Mr. Arambula contends that, while incarcerated at the Deep Meadow Correctional Center ("DMCC"), he was denied adequate medical care by Dr. Clark in violation of the Eighth Amendment.[1] Dr. Clark has moved to dismiss the Complaint for failure to state a claim. Mr. Arambula has responded. The matter is ripe for disposition.

### I. MOTION TO DISMISS STANDARD

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R.

---

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial

2

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp., 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). As explained below, Mr. Arambula satisfies this standard.

## II. RECITATION OF RELEVANT ALLEGATIONS

In June of 2009, a lump on Mr. Arambula's chest, which Dr. Clark previously had diagnosed as a benign cyst, became infected. The infected cyst caused Mr. Arambula extreme discomfort for the next month or so.

On August 4, 2009, Mr. Arambula was scheduled to go to the Medical College of Virginia ("MCV"). While en route to MCV, the cyst erupted. At MCV, a doctor examined the lump and diagnosed it to be "an abscess." (Compl. 4.)[2] Mr. Arambula underwent a "fairly simple" procedure to treat the abscess. (Id.) The procedure left Mr. Arambula with a "wound [which] was not stitched

---

[2] Because the Complaint itself does not contain a consistent page numbering system, the Court will utilize the page numbers assigned to the Complaint by the Court's CM/ECF system.

or stapled." (Id.) The doctor provided a medical order to the DMCC medical staff to treat the wound with a "'wet to dry' treatment, once daily." (Id.)

Two nurses at DMCC told Mr. Arambula that DMCC protocol required "Dr. Clark to follow-up with inmates returning from MCV within days." (Id. at 5.) Nevertheless, that did not occur here. After returning to DMCC and receiving treatment, there was little evidence that the wound was closing. Therefore, Mr. Arambula requested to see Dr. Clark. On August 24, 2009, Dr. Clark examined Mr. Arambula and immediately determined that the wound was not healing properly because the nurses at DMCC were "'not packing it properly.'" (Id. at 4.) The nurses were only packing "the entrance of the wound . . . and not the inner 1 inch pocket beneath the skin." (Id. at 5.)

During September and November of 2009, Dr. Clark treated Mr. Arambula several times. "[E]ach time" she expressed her frustration that the wound was not being properly packed. (Id. at 4.) "After Dr. Clark told [Mr. Arambula] and several nurses on sep[a]rate occasions that they weren't packing [the wound] properly, nothing changed." (Id. at 5.) During September of 2009, "the nurses were still confused on how to treat the site." (Id.) Finally, in November of 2009, Dr. Clark "took over the responsibility of treating [Mr. Arambula] but that didn't last long with her schedule and the upcoming holidays." (Id.) Also in late November of 2009, "Dr. Clark treated the site, then went through

4

[Mr. Arambula's] medical file and again expressed her disappointment that her last order to send [Mr. Arambula] back to MCV was never scheduled by her staff." (Id. at 4-5.)

On December 15, 2009, Mr. Aramubla was sent back to MCV to be evaluated. The first doctor to examine the wound "was confused or amazed at what he saw." (Id. at 5.) A second doctor was brought in to examine Mr. Arambula. Thereafter, the first doctor informed Mr. Arambula that he would require further surgery "because they saw no indication that the wound was going to heal any further." (Id.) On January 11, 2010, Mr. Arambula "underwent corrective surgery to remove the 1/2 inch hole with an 1 inch diameter pocket beneath the surface of the skin located on [his] chest." (Id.)

## III. ANALYSIS

In order to state an Eighth Amendment claim for denial of adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An objectively serious medical need is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999)). Deliberate indifference requires the plaintiff to allege facts that indicate a particular defendant actually knew of and

disregarded a substantial risk of serious harm to his person. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard-a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) (citing Estelle, 429 U.S. at 105-06). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990) (citing Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). Furthermore, absent exceptional circumstances, an inmate's disagreement with medical personnel with respect to a course of treatment is insufficient to state a cognizable constitutional claim, much less demonstrate deliberate indifference. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (citing Gittlemacker v. Prasse, 428 F.2d 1, 6 (3d Cir. 1970)).

Dr. Clark does not seriously contest that the wound in Mr. Arambula's chest constituted a serious medical need. She insists, however, that the Complaint affirmatively demonstrates that she was attentive rather than deliberately indifferent to that need.[3]

---

[3] "Dr. Clark referred plaintiff to MCV for surgery in August 2009, assessed and dressed plaintiff's wound site numerous times herself upon his return and the nursing staff were regularly performing his wound care (just not to plaintiff's satisfaction) . . . and then ordered that plaintiff be taken to MCV again where he had a second surgery." (Def.'s Mem. Supp. Mot. Dismiss 6.)

Viewing the facts in the light most favorable to Mr. Arambula, Mr. Arambula has adequately pled a claim that Dr. Clark's conduct could amount to deliberate indifference. See Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999) (noting the provision of some medical treatment does not extinguish any Eighth Amendment claims based on inadequate medical treatment). Specifically, upon his return from surgery at MCV, <u>despite the standard protocol</u>, Dr. Clark failed to schedule Mr. Arambula for an appointment or to ensure that the nurses at DMCC were following treatment orders provided by the physicians at MCV. When Dr. Clark finally examined Mr. Arambula on August 24, 2009, she knew his wound was not healing properly because the nurses were not properly packing the wound. Nevertheless, Dr. Clark continued to leave Mr. Arambula's wound care in the hands of the nurses despite her knowledge that "each time" she examined Mr. Arambula the nurses continued to pack the wound improperly. (Compl. 4.) Such omissions are sufficient to support an inference of deliberate indifference on the part of Dr. Clark. See Bowens v. Cannon, 175 F. App'x 635, 636 (4th Cir. 2006); Oxendine v. Kaplan, 241 F.3d 1272, 1277-79 (10th Cir. 2001) (concluding that allegations that doctor recklessly delayed in providing a plaintiff with access to medical professionals with sufficient expertise to evaluate and treat a particular condition may support an inference of deliberate indifference); Creech v. Nguyen, No. 97-6925, 1998 WL 486354, at *7 (4th Cir. Aug. 7, 1998);

Boyd v. Knox, 47 F.3d 966, 969 (8th Cir. 1995). Accordingly, Dr. Clark's Motion to Dismiss (Docket No. 19) will be DENIED.

The Clerk is DIRECTED to mail a copy of the Memorandum Opinion to Mr. Arambula and counsel of record.

And it is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 20, 2011